**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY, LLC,<br><br>Defendant. | Civil Action No. 1:18-cv-01843-RGA |

## AMENDED COMPLAINT

Plaintiff, Uniloc 2017 LLC ("Uniloc"), for its Amended Complaint against defendant, Motorola Mobility, LLC ("Motorola"), alleges:

## THE PARTIES

1. Uniloc 2017 LLC is a Delaware limited liability company.

2. Motorola is a Delaware corporation.

## JURISDICTION

3. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## CLAIM FOR PATENT INFRINGEMENT

4. Uniloc is the owner, by assignment, of U.S. Patent No. 7,167,487 ("the '487 Patent"), entitled NETWORK WITH LOGIC CHANNELS AND TRANSPORT CHANNELS, which issued January 23, 2007, claiming priority to a May 21, 2001 application. A copy of the '487 Patent was attached as Exhibit A to the original Complaint.

5. The ’487 Patent describes in detail, and claims in various ways, inventions in wireless networks having logic channels and transport channels developed by Koninklijke Philips Electronics N.V. for improved transmission of packets using a selection algorithm for determining transport format combinations.

6. The ’487 Patent describes problems and shortcomings in the then-existing field of communications in wireless networks devices and describes and claims novel and inventive technological improvements and solutions to these problems and shortcomings.

7. The written description of the ’487 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the combination of claim elements differed markedly from and improved upon what may have been considered conventional or generic.

8. Motorola imports, uses, offers for sale, and sells electronic devices that operate in compliance with HSPA/HSPA+ standardized in UMTS 3GPP Release 6 and above, including those identified in Exhibit B to this Amended Complaint (collectively the “Accused Infringing Devices”).

9. The Accused Infringing Devices implement networks having a first plurality of logic channels and a second plurality of transport channels associated by the MAC layer for sending and receiving packet units in accordance with HSPA/HSPA+ standardized in UMTS 3GPP Release 6 and above using a minimum bit rate criteria.

10. Motorola has infringed, and continues to infringe, claims of the ’487 Patent by making, using, offering for sale, selling, and importing the Accused Infringing Devices. As set forth in Exhibit C to this Amended Complaint, the network in which the Accused Infringing Devices are used incorporates each limitation of claim 1.

11. Motorola knowingly incorporates into the Accused Infringing Devices components and software that enable the devices to operate automatically as described above to infringe the '487 Patent.

12. Motorola has also infringed, and continues to infringe, the '487 patent by offering to sell, selling, and importing the Accused Infringing Devices knowing that the devices are used in implementing the network and practicing the methods claimed in the '487 patent and constitute a material part of the inventions. Motorola knows portions of the software used in the Accused Infringing Devices are especially written or especially adapted for use as described above in what Motorola now knows to be infringement of the '487 patent; are not staple articles or commodities of commerce; and are not suitable for substantial non-infringing use.

13. Motorola will have been on notice of the '487 Patent since, at the latest, the service of the original complaint upon it. Motorola will also have been on notice of Uniloc's infringement allegations and theory of infringement since that date of service, and thus will have known that its continued actions would contribute to the infringement of claims of the '487 Patent. Despite that knowledge, and as further evidence of its intent, Motorola has refused to discontinue its infringing acts and has also enabled infringement by failing to remove the infringing functionality from the Accused Infringing Devices or otherwise place a non-infringing limit on its use.

14. By the time of trial, Motorola will have known and intended (since receiving such notice) that its continued actions would contribute to the infringement of the '487 Patent.

15. Motorola may have infringed the '487 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused Infringing Devices.

16. Uniloc has been damaged by Motorola's infringement of the '487 Patent.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Motorola:

(A) declaring that Motorola has infringed the '487 Patent;

(B) awarding Uniloc its damages suffered as a result of Motorola's infringement of the '487 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses, and interest; and

(D) granting Uniloc such further relief as the Court finds appropriate.

Date: March 12, 2019

Respectfully submitted,

*\/s/ Sean T. O'Kelly*
Sean T. O'Kelly (No. 4349)
901 N. Market Street, Suite 1000
Wilmington, DE 19801
Tel: (302) 778-4000
Fax: (302) 295-2873
Email: sokelly@oelegal.com

Of Counsel:

Paul J. Hayes
Massachusetts State Bar No. 227000
Kevin Gannon
Massachusetts State Bar No. 640931
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: kgannon@princelobel.com

**ATTORNEYS FOR THE PLAINTIFF**